**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES, FOR USE AND BENEFIT OF IRENE STEPHEN<br>6961 Rooks Court, #207<br>Frederick, Maryland 21703 | * * * | |
| Plaintiff | | |
| v. | * | Case No.: _____ |
| HIRANI ENGINEERING & LAND SURVEYING, PC<br>30 Jericho Executive Plaza, Suite 200C<br>Jericho, NY  11753<br>SERVE ON:  US Corporation Agents, Inc.<br>            700 12th Street NW<br>            Suite 700<br>            Washington, DC 20005 | * * * * * | |
| and | | |
| COLONIAL SURETY COMPANY<br>50 Chestnut Ridge Road<br>Montvale, NJ  07645<br>SERVE ON:  Corporation Service Company<br>            1090 Vermont Ave. NW<br>            Washington, DC 20005 | * * * * | |
| Defendants | * | |

## **COMPLAINT**

Irene Stephen, the Plaintiff, by her undersigned counsel, brings this action against Hirani Engineering& Land Surveying, PC and Colonial Surety Company, Defendants, and for cause says:

1. The Plaintiff is Irene Stephen, an adult individual residing at 6961 Rooks Court, #207, Frederick, Maryland  21703.  Plaintiff is and at all times relevant hereto has been employed in the construction industry.

2. The Defendant Hirani Engineering & Land Surveying, PC ("Hirani") is a New York corporation, having its principal place of business at 30 Jericho Executive Plaza, Suite 200C, Jericho, New York 11753.

3. The Defendant Colonial Surety Company ("Surety") is a Pennsylvannia corporation, having its principal place of business at 50 Chestnut Ridge Road, Montvale, New Jersey 07645. Surety is and at all time relevant hereto has been engaged in business as a surety company, issuing payment and other surety bonds in connection with construction projects.

4. Certain of the claims set forth in this action arise under the Act of 1935, 49 Stat. 794; U.S.C., Title 40, sec. 3131, <u>et</u>. <u>seq</u>., ("Miller Act"), as hereinafter more fully appears.

5. A contract, USACE contract no. W912DR-10-C-0093, exceeding ONE HUNDRED THOUSAND DOLLARS ($100,000.00) in amount, for the construction of a public work of the Federal Government was awarded by the United States Army Corps of Engineers to the Defendant Hirani ("Contract"). The public work which was the subject of the contract was the construction of the 17th Street Closure Structure, Local Flood Protection Project for Washington D.C. and Vicinity ("Project"). The Project involved the construction of walls, levees, berms, landscaping, paving, barriers, and other structures, and other miscellaneous and related work. The contract was for Hirani to act as the general contractor for the construction of the Project.

6. The Project is located within the District of Columbia, in and around 17th Street and Constitution Avenue.

7. Under 40 U.S.C. sec. 3131 <u>et</u> <u>seq.</u>, a payment bond for the protection of all persons supplying labor and material in carrying out the work provided for in the Contract was required, for the use of such persons.

8. The Defendants Hirani, as principal, and Surety, as surety, furnished the required payment bond, and are jointly liable upon that bond for all amounts owed to persons furnishing labor or materials for or about the Project.

9. The Defendant Hirani subcontracted work required under the Contract to the Plaintiff. The work subcontracted was the management of the quality control system required under the Contract, and other miscellaneous and related work.

10. During the course of the Project, the duration and scope of the Project was extended and expanded, and Plaintiff was directed and required to perform additional work, beyond the scope of the original subcontract.

11. The Plaintiff performed the work required under its subcontract, and the additional work she was directed and required to perform.

12. During the course of the Project, pursuant to the terms of the subcontract, the Plaintiff submitted to the Defendant Hirani applications for payment for the work performed.

13. Upon information and belief, the Defendant Hirani requested and received payment from the owner for work performed by the Plaintiff; however, the Defendant Hirani wrongfully failed and refused to pay the Plaintiff in full for work performed by the Plaintiff.

14. The amount due and owing by the Defendant Hirani to the Plaintiff is FIVE THOUSAND, ONE HUNDRED TEN DOLLARS ($5,110.00).

15. The owner declared the Defendant Hirani to be in default under Hirani's contract with the owner, and removed Hirani from the Project. Upon information and belief, the owner has made demand upon the performance bond furnished in connection with the Project, and the Defendant Surety has been required to take over the Project.

16. The failure by the Defendant Hirani to pay the Plaintiff in a timely manner, after receiving payment from the owner, is a violation of 31 U.S.C. sec. 3901, et seq., entitling the Plaintiff to recover interest on the amounts due.

## COUNT ONE
### (BREACH OF CONTRACT – HIRANI)

17. The facts alleged in paragraphs 1 through 16 above are incorporated herein by reference.

18. The Plaintiff and the Defendant Hirani entered into an agreement for Plaintiff to perform work for and about the Project.

19. The Defendant Hirani has breached its agreement with Plaintiff, in that it wrongfully failed and refused to pay to the Plaintiff amounts due for work performed by Plaintiff.

20. As a result of these breaches by the Defendant Hirani, the Plaintiff has suffered damages, in the amounts set forth.

21. The Plaintiff is entitled to recover interest on the amounts owed, prejudgment.

WHEREFORE, the Plaintiff demands judgment against the Defendant Hirani in the amount of FIVE THOUSAND, ONE HUNDRED TEN DOLLARS ($5,110.00), with prejudgment interest and costs of this action.

## COUNT TWO
### (MILLER ACT – HIRANI AND SURETY)

22. The facts alleged in paragraphs 1 through 16 above are incorporated herein by reference.

23. As is more fully set forth above, under 40 U.S.C. sec. 3131 et seq., and under the payment bond required by that statute and furnished in connection with the Project, Defendants

Hirani and Surety are jointly liable to persons furnishing labor and materials for or about the Project, who have not been paid in full within ninety (90) days.

24. As is more fully set forth above, the Plaintiff has furnished labor in connection with the Project, has not been paid in full for the labor furnished, and is a person entitled to sue under the payment bond.

25. More than ninety (90) days have passed since the last of the work for which claim is made was performed.

26. This action is brought within one (1) year of the date the Plaintiff last performed work upon the Project.

WHEREFORE, the Plaintiff demands judgment against the Defendants Hirani and Surety in the amount of FIVE THOUSAND, ONE HUNDRED TEN DOLLARS ($5,110.00), with prejudgment interest and costs of this action.

Dated:  April 29, 2014

/s/ Paul Sweeney
Paul Sweeney, Bar No.:  429738
Yumkas, Vidmar & Sweeney, LLC
2530 Riva Road, Suite 400
Annapolis, Maryland  21401
(443) 569-5972
psweeney@yvslaw.com

Of Counsel:
Michael J. Jack
Law Offices of Michael J. Jack
11165 Stratfield Court, Second Floor
Marriottsville, Maryland  21104
(410) 442-2232
michaeljjack@comcast.net